# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    No. 20-CR-1332 MV

DANIELLE GALLEGOS

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Danielle Gallegos's pro se Motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines [Doc. 60]. The government filed a Response [Doc. 62]. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Ms. Gallegos is not eligible for a sentence reduction and her motion thus must be denied.

## DISCUSSION

On February 1, 2023, Ms. Gallegos was sentenced to 96 months in custody after being convicted of one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §841(b)(1)(C), and one count of Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18. U.S.C. §924(c)(1)(A)(i). Doc. 59. Her guidelines range at sentencing, based on a total offense level of 33 and a criminal history category of I, was 135 to 168 months' imprisonment based on the quantities of drugs involved, followed by a consecutive 60-month term of imprisonment on her § 924(c) count, for a total effective guideline range of 195

1

to 228 months. PSR at ¶ 93. She seeks a reduction in sentence under Amendment 821 of the Federal Sentencing Guidelines. Doc. 60.

18 U.S.C. § 3582(c)(2) authorizes courts to reduce a defendant's sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Price,* 44 F.4th 1288, 1294 (10th Cir. 2022) (retroactive Guideline amendments are a valid statutory reason to modify a sentence). On November 1, 2023, Sentencing Guidelines Amendment 821 went into effect. In Part B of the Amendment, the Sentencing Commission included a two-level reduction for certain eligible defendants with zero criminal history points, which now appears in U.S.S.G. § 4C1.1. In order to be eligible for this reduction, a defendant must meet certain criteria, including that during the instant offense the defendant "did not possess . . . a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7). On August 24, 2023, the Sentencing Commission made this amendment retroactive.

Ms. Gallegos seeks a reduction in her sentence because she received zero criminal history points at sentencing. Doc. 60 at 1. It is true that Ms. Gallegos was a zero-point offender.  She is nonetheless ineligible for a sentence reduction under Amendment 821, Part B because she possessed a firearm in connection with her offense of conviction. This Court therefore does not have discretion to modify or reduce her original sentence under 18 U.S.C. 3582(c)(2). Nevertheless, the Court does wish to commend Ms. Gallegos on her participation in programming opportunities while in custody, including taking courses in cosmetology and economics. Doc. 60 at 3.

**IT IS THEREFORE ORDERED** that Ms. Gallegos's Motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines [Doc. 60] is **DENIED**.

ENTERED this 23rd day of August 2024.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE